UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY H. WALKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:09mc0147 |
| MONTGOMERY COUNTY JAIL, | ) **JUDGE HAYNES** |
| Defendant. | ) |

3 09 0637

## MEMORANDUM

Plaintiff, a prisoner in the Montgomery County Jail in Clarksville, Tennessee, filed this action under 42 U.S.C. § 1983 against the Montgomery County Jail. Plaintiff seeks money damages only, alleging that the Montgomery County Jail violated his rights under the Eighth Amendment. Plaintiff asserts that he fell down the stairs at the Montgomery County Jail, because his jail-issue sandals were broken. (Docket Entry No. 1, ¶ IV, p. 5) Plaintiff asserts that he made "several verbal requests" for a new pair, but that he did not receive a new pair until after he fell. (Docket Entry No. 1, ¶ IV, p. 5)

According to Plaintiff, he was taken to Gateway Hospital, where it was determined that he had no broken bones. (Docket Entry No. 1, ¶ IV, p. 5) Plaintiff asserts that he was sent back to the Montgomery County Jail still in great pain. (Docket Entry No. 1, ¶ IV, p. 5) Plaintiff alleges that the staff at the Montgomery County Jail has been deliberately indifferent to his medical needs subsequent to his fall. (Docket Entry No. 1, ¶ IV, p. 5)

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. See *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

Plaintiff names the Montgomery County Jail as the sole defendant to this action. A person for a § 1983 action must be a "bodies politic" *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). Sheriffs' offices and police departments are not bodies politic, and as such, not persons within the meaning of § 1983, *see Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) and jails are not "persons" within the meaning of § 1983. *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993); *McCoy v. Chesapeake Corr'l Ctr.*, 788 F.Supp. 890, 893-894 (E.D.Va.1992). Thus, the only named Defendant, Montgomery County Jail, cannot be sued under 42 U.S.C. § 1983.

For these reasons, the complaint fails to state a claim for relief. Accordingly, the complaint will be dismissed without prejudice to Plaintiff's underlying claims.

An appropriate order will be entered.

William J. Haynes, Jr.
United States District Judge
7-8-09